**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LIONELL G. MILLER, | : | |
| | : | Civil Action No. 20-13566 (BRM) (JSA) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| GREGORIO SAUCEDO, et.al., | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Lionell G. Miller ("Plaintiff"), a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, upon the filing of a civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 3), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint (ECF No. 5).

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

In screening the Complaint for dismissal, the Court allows Plaintiff's claim for excessive force in violation of the Cruel and Unusual Punishment Clause against Defendants Saucedo, Adamson, Zegaldo, Krueger, Llerena, and Herrera in their individual capacity to proceed. Plaintiff's Fourteenth Amendment due process claim against Defendants Disciplinary Hearing Officer Russell and Administrator Nogan shall proceed. Plaintiff's claim for retaliation against Defendants Saucedo, Adamson, Zegaldo, Krueger, and Nogan shall proceed. Finally, Plaintiff's

42 U.S.C. § 1985(3) conspiracy claim against Defendants Saucedo, Adamson, Zegaldo, Krueger, Llerena shall proceed.

However, Plaintiff's claim for excessive force in violation of the Cruel and Unusual Punishment Clause against Defendant Scott is dismissed without prejudice. Under his Cruel and Unusual Punishment section, Plaintiff alleges Defendant Scott placed extremely tight hand and leg restraints on Plaintiff that cut his blood circulation and cause deep lacerations. (ECF No. 1, ¶ 181.) However, in his statement of facts section, Plaintiff only names Defendant Herrera as the defendant who placed the handcuffs on Plaintiff and was made aware that they were too tight. Plaintiff fails to allege facts as to how Defendant Scott was involved in the handcuffing of Plaintiff or if Defendant Scott was aware of the lacerations the handcuffs were allegedly causing. In short, he does not allege sufficient facts to allow this claim to proceed at this time. *See Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Fourteenth Amendment due process claim against Defendant Saucedo is dismissed without prejudice. Plaintiff alleges that Defendant Saucedo filed a false disciplinary charge against Plaintiff which caused him to be placed in administrative segregation. (ECF No. 1, ¶ 184.) The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing. *See, e.g., Poole v. Mercer Cnty. Corr. Ctr.*, No. 11-3730, 2012 WL 694689, at *2 (D.N.J. Feb. 29, 2012) (finding the filing of even false reports charging a detainee with a disciplinary infraction is, in and of itself, not a constitutional violation.); *see also Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (the "filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges"); *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). The Complaint indicates that Plaintiff received a hearing following the alleged false charges. As

2

such, Plaintiff's Fourteenth Amendment due process claim against Defendant Saucedo may not proceed at this time and is dismissed.

Plaintiff's retaliation claims against Defendants Herrera, Scott, and Russell are dismissed without prejudice. To establish a First Amendment retaliation claim, a plaintiff "must prove that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Plaintiff alleges Defendants Scott and Herrera were involved in the handcuffing of Plaintiff and Defendant Russell was the disciplinary hearing officer who adjudicated Plaintiff's disciplinary charge; however, he fails to allege any facts that these Defendants were aware of or that their actions were motivated by Plaintiff's filing of his grievance. Plaintiff has not alleged facts suggesting that his constitutionally protected conduct was a substantial factor for each of these Defendants' actions. Therefore, Plaintiff does not allege enough facts regarding these Defendants to proceed a retaliation claim against them at this time. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's 42 U.S.C. § 1985(3) conspiracy claims against Defendants Russell and Nogan are dismissed without prejudice. A plaintiff seeking to raise such a claim must allege the following: a conspiracy, with the purpose of depriving him of equal protection or privileges and immunities under the law, an act in furtherance of that conspiracy, and personal or property injury. *Evans v. Gloucester Twp.*, 124 F. Supp. 3d 340, 354 (D.N.J. 2015). In alleging the purpose element, a plaintiff must allege facts showing that the alleged conspiracy was "motivated by racial, gender, or other class-based discriminatory animus." *Id.* As Plaintiff has not alleged any facts that Defendant Russell or Nogan conspired with the remaining Defendants nor does Plaintiff allege

any racial, gender, or other class-based animus by Defendants Russell or Nogan, his § 1985(3) conspiracy claim is dismissed without prejudice.

Accordingly, and for good cause appearing,

**IT IS** on this 10th day of December 2021,

**ORDERED** Plaintiff's claim for excessive force in violation of the Cruel and Unusual Punishment Clause against Defendants Saucedo, Adamson, Zegaldo, Krueger, Llerena, and Herrera shall **PROCEED**; Plaintiff's Fourteenth Amendment due process claim against Defendants Disciplinary Hearing Officer Russell and Administrator Nogan shall **PROCEED**; Plaintiff's claim for retaliation against Defendants Saucedo, Adamson, Zegaldo, Krueger, and Nogan shall **PROCEED**; and Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim against Defendants Saucedo, Adamson, Zegaldo, Krueger, Llerena shall **PROCEED**; it is further

**ORDERED** Plaintiff's claim for excessive force in violation of the Cruel and Unusual Punishment Clause against Defendant Scott is **DISMISSED WITHOUT PREJUDICE**  pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Plaintiff's Fourteenth Amendment due process claim against Defendant Saucedo is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A ; Plaintiff's claim for retaliation against Defendants Herrera, Scott, and Russell is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and Plaintiff's 42 U.S.C. § 1985(3) conspiracy claim against Defendants Russell and Nogan is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; to the extent Plaintiff wishes to file an amended complaint to address the deficiencies identified herein, he may to do so in accordance with all federal and local rules; and it is further

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102; and it is further

**ORDERED** upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**