**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIONELL G. MILLER,<br><br>                Plaintiff,<br><br>                v.<br><br>GREGORIO SAUCEDO, *et al.*,<br><br>                Defendants. | Case No. 2:20-cv-13566 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is an appeal by *pro se* Plaintiff Lionell G. Miller ("Plaintiff") (ECF No. 112) of the Honorable Jessica S. Allen, U.S.M.J.'s ("Judge Allen") December 28, 2023 Letter Order (ECF No. 106 (the "December 28, 2023 Order")) declining to compel supplemental discovery. On February 20, 2024, Defendants filed their opposition. (ECF No. 114.) Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's appeal (ECF No. 112) is **DENIED** and Judge Allen's December 28, 2023 Order (ECF No. 106) is **AFFIRMED**.

    **I.**    **BACKGROUND**

This matter has been ongoing since September 2020, and the factual and procedural backgrounds of this matter are well known to the parties. Accordingly, this Court will only address the procedural history associated with this appeal.

On September 29, 2020, Plaintiff, a prisoner currently confined at South Woods State Prison in Bridgeton, New Jersey, commenced this 42 U.S.C. § 1983 civil rights action. Plaintiff alleges that

1

Defendants Adamson, Herrera, Krueger, Llerena, Nogan, Russell, Zelgadlo, and Saucedo (collectively, "Defendants") physically assaulted him in retaliation for filing an internal grievance. (ECF No. 37 ¶¶ 167–76.) According to Plaintiff, the assault occurred while Defendant Saucedo escorted him from the phone tier back to his cell. (*Id.* at ¶¶ 70–120.)

Judge Allen entered a Pretrial Scheduling Order that set July 31, 2023, as the fact discovery deadline. (ECF No. 44.) Plaintiff, beginning on April 28, 2023, advised the Court that Defendants had not yet responded to previously served interrogatories and requests for production (ECF Nos. 61, 62.) On May 8, 2023, Judge Allen ordered Defendants to submit a response. (ECF No. 63.) Defense counsel's May 9, 2023 letter sought an extension to respond to Plaintiff's request for admissions. (ECF No. 65.) Judge Allen issued an order granting Defendants' request. (ECF No. 66.) As of June 13, 2023, Plaintiff reported that Defendants had not provided discovery responses and that he had served an additional set of discovery demands on April 27, 2023. (ECF No. 75 at 1–2.) On June 29, 2023, Defendants requested an extension until July 31, 2023, to respond to Plaintiff's discovery requests, which Judge Allen granted on June 30, 2023. (ECF Nos. 77, 79.) Judge Allen's June 30, 2023 order cautioned the parties that depositions, if sought, must be done by September 15, 2023. (*Id.*)

On August 1, 2023, Plaintiff, through correspondence filed with the Court, advised that he served a subpoena *duces tecum* dated June 13, 2023, on Global Tel-Link. (ECF No. 81 at 2.) Plaintiff sought phone records for any call placed from Plaintiff to his mother on December 23, 2018, that Global Tel-Link was supposedly in possession of. (ECF Nos. 74 at 3–4; 93 at 8.) Plaintiff also requested a 120-day extension to complete fact discovery, stating that he had "been working diligently to have discovery completed from within [the] prison." (ECF No. 81 at 2.)

Defendants' August 8, 2023 status letter advised that they had provided documents and answers responsive to Plaintiff's discovery requests and requests for admissions, and scheduled

2

Plaintiff's deposition. (ECF No. 83.) The following day, Judge Allen ordered the parties to submit individual letters on or before September 20, 2023, confirming fact discovery was complete and addressing whether they retained or intended to retain expert witnesses or move for summary judgment. (ECF No. 84.) Plaintiff responded in a letter dated August 21, 2023, that he received all the defendants' discovery responses except for Defendant Saucedo's interrogatory answers. (ECF No. 87-2 at 1.) Plaintiff also contended that the discovery responses were deficient and that he intended to file a motion to compel sufficient responses. (*Id.* at 2.)

On September 15, 2023, Plaintiff filed a motion to compel. (ECF. No. 90.) Plaintiff moved for an order compelling Defendants to produce further documents and for defendant Saucedo to provide answers to interrogatories. (*Id.* at 2.) Plaintiff contended that Defendants' answers to document request numbers 1, 2, 5, and 6 were deficient, and thus sought to compel Defendants to supplement their responses and produce relevant documents. (ECF Nos. 90-1, 90-2); (*See* ECF No. 90-1 at 3–4); (ECF No. 90-2 at 7–9.) Defendants, responding to Judge Allen's August 9, 2023 Order, advised that they had completed written discovery, deposed Plaintiff, and sought no additional discovery. (ECF No. 91.)

In opposition to Plaintiff's motion to compel discovery, Defendants argued that it should be denied because the information sought was either not in their possession, had been produced, was not relevant, was overbroad, and/or disproportionate to the needs of the case. (*See* ECF No. 94.) Defendants submitted a declaration from the Division Director for Department of Corrections for the State of New Jersey, John C. Falvey ("Falvey Decl."), stating that the Department of Corrections did not possess or control the Global Tel-Link records sought by Plaintiff. In reply, Plaintiff argued that Falvey's statements were false and disputed Defendants' arguments regarding relevance, scope, and the sufficiency of the discovery responses. (*See* ECF No. 96.) On October 18, 2023, Defendants filed

3

a letter confirming that Defendant Saucedo had served his interrogatory responses on Plaintiff. (ECF No. 97.)

On December 28, 2023, Judge Allen entered a Letter Order denying Plaintiff's motion except in connection with Document Request No. 6. (ECF No. 106.) On February 5, 2024, Plaintiff filed a Notice of Appeal of Judge Allen's December 28, 2023 Letter Order. (ECF No. 112.) Plaintiff argues on appeal that this Court should overrule Judge Allen's Order denying Plaintiff's Motion to Compel Discovery. (*See id.* at 9–10.) On February 20, 2024, Defendants filed their response in opposition to Plaintiff's Notice of Appeal. (ECF No. 114.)

## II. LEGAL STANDARD

"A discovery order is generally considered to be non-dispositive." *Ezeani v. Anderson*, No. 2:21-cv-06759, 2022 WL 1002097, at *2 (D.N.J. Apr. 1, 2022) (quoting *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996)). Under this District's Local Rules, a magistrate judge's order on a non-dispositive issue may only be modified if it is determined to be "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A); *see also* 28 U.S.C. § 636(b)(1)(A) (establishing the standard of review for magistrate resolution of nondispositive matters as clear error); *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. Oct. 15, 1998) (noting the Federal Magistrates Act, which accords with the Federal Rules of Civil Procedure and District of New Jersey Local Civil Rules, allows reversal of a magistrate judge's determination of a nondispositive issue only where it is "clearly erroneous or contrary to law"). Courts have long established that a finding is clearly erroneous when, upon review of all evidence, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Medeva Pharma Suisse A.G. v. Roxanne Labs.*, Civ. A. No. 07-5165, 2011 WL 223600, at *2 (D.N.J. Jan. 24, 2011) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Similarly, a finding is contrary to law where "it misinterprets or misapplies applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. Jan. 3, 2008) (quoting *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. Dec. 28, 1998)); *see also Juice Ent., LLC v. Live Nation Ent., Inc.*, Civ. A. No. 11-07318, 2022 WL 2803169, at *2 (D.N.J. July 18, 2022) (explaining a district court will only reverse magistrate decision on pretrial matters that is clearly erroneous or contrary to law). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous," and the reviewing court will necessarily affirm. *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-05641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006); *Callas v. Callas*, Civ. A. No. 14-07486, 2019 WL 449196, at *3 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-03271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15- 07331, 2016 WL 6778217 at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp., et al.*, 540 F.2d 102, 115 (3d Cir. 1976)).

## III. DECISION

Plaintiff appeals Judge Allen's December 28, 2023 Order denying his motion to compel production of documents and defendant Saucedo's answer to interrogatories. (ECF No. 112.) Plaintiff

specifically appeals four points of Judge Allen's December 28, 2023 Order, which the Court addresses in turn. (*Id.*)

    **A. Document Request No. 1**

First, Plaintiff appeals Judge Allen's denial of his motion to compel "Document Request No. 1," for "Global Tel-Link phone records from Defendants for December 23, 2018, showing the exact time Plaintiff activated his I-Pin List [and the phone number called]." (*Id.* at 3 (quoting ECF No. 106 at 4).) Plaintiff argues that Judge Allen abused her discretion and made a finding contrary to law by relying on the Falvey Decl. (ECF No. 94-1) submitted by the Defendants. (ECF No. 112 at 4.) Plaintiff contends Falvey "falsely stated that the New Jersey Department of Corrections does not have possession or control of Plaintiff's phone records." (*Id.*) Plaintiff claims the information sought is within the possession and control of the Defendants and references a section of a purported contract between DOC NJ and Global Tel-Link that states that DOC NJ is entitled to the relevant phone record information. (*Id.* at 4–5.) Defendants argue the "phone records were not within the custody or control of the Department of Corrections[,]" and support the contention with the Falvey Decl. (ECF No. 114 at 3.)

A District Court can review only the record before the magistrate judge when determining whether to reverse a magistrate judge's discovery order. *See Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d. Cir. 1992); *Lenox Corp. v. Robedee*, No. 3:15-cv-1654, 2016 WL 5106992, at *5 (D.N.J. Sept. 19, 2016).

Initially, Plaintiff's arguments regarding the possession and control of the requested phone records that rely on a purported written contract between DOC NJ and Global Tel-Link cannot be considered. The cited case law[1] and associated argument were not before the magistrate judge and

---

[1] Plaintiff cited and relied upon the following cases for the first time in the appeal of Judge Allen's Letter Order: *Moretti v. Hertz Corp.*, Civ. A. No. 14-469, 2018 WL 4693473, at *1 (D. Del. Sept. 30,

therefore cannot be taken into consideration on the district court's review. *See Haines*, 975 F.2d at 93. This Court finds the portion of the December 28, 2023 Order related to Document Request No. 1 was not clearly erroneous or contrary to law. This Court is not persuaded with Plaintiff's argument that Judge Allen improperly relied on the Defendants' opposition to the motion and the accompanying Falvey Decl. when determining that Defendant's discovery response was sufficient. Judge Allen correctly determined that a court cannot compel the production of evidence by parties that attest that they do not possess the materials sought. *See Knauss v. Shannon*, Civ. A. No. 1:CV-08-1698, 2009 WL 975251, at *2 (M.D. Pa. Apr. 9, 2009) (declining to compel production of correctional facility phone conversations that did not exist).

**B. Document Request No. 2**

Plaintiff argues that Judge Allen abused her discretion by denying Plaintiff's motion to compel production of Document Request No. 2, which calls for:

> all official report books, records, memoranda, ledger sheets, accounts, journals, invoices, and all other documents or electronically stored information showing the following: (a) documents or ESI to or from the plaintiff Lionell G. Miller; and (b) documents or electronically stored information relating to or about Plaintiff, and specifically including inquiries and grievances submitted by Plaintiff between September 2018 and July 2019 [regarding his] conditions of his confinement.

(ECF No. 112 at 6.) Plaintiff argues that the December 28, 2023 Order deprives him opportunity to substantiate his claims against Defendants as the requested electronically stored information is necessary to rebut the "false disciplinary charges." (*Id.* at 7.) Defendants argue this Court should

---

2018); *Mercy Cath. Med. Ctr. v. Thompson*, 380 F.3d 142 (3d Cir. 2004); *Eisenband v. Pine Belt Auto., Inc.*, Civ. A. No. 17-8549, 2020 WL 1486045 (D.N.J. Mar. 27, 2020); *Camden Iron & Metal, Inc. v. Marubeni Am. Corp.*, 138 F.R.D. 438 (D.N.J. 1991); *Calhoun v. Invention Submission Corp.*, Civ. A. No. 18-1022, 2021 WL 640759 (W.D. Pa. Jan. 13, 2021); *Multiple Energy Techs., LLC v. Under Armour, Inc.*, No. 2:20-CV-664, 2021 WL 2661827 (W.D. Pa. June 29, 2021); *Miller v. Fraley*, Civ. A. No. 12-4470, 2017 WL 3429343 (D.N.J. Aug. 9, 2017).

deny Plaintiff's appeal because they have already produced responsive documents. Defendants also argue that Judge Allen properly denied Plaintiff's motion because, while Plaintiff did not specifically request prison logbooks, production of those documents would raise safety and security concerns. (ECF No. 114 at 4.) When deciding that further production was disproportionate to the needs of the case, Judge Allen noted that "Defendants already have produced voluminous documents responsive to [the] request . . . ." (ECF No. 106 at 5.)

If a discovery request is not relevant to the requesting party's claims or defenses or is not proportional to the needs of the case, the reviewing court should deny the request. Fed. R. Civ. P. 26(b)(1).

This Court is not persuaded by Plaintiff's arguments Judge Allen abused her discretion by denying Plaintiff's motion to compel discovery of the documents above. Judge Allen reviewed Defendants' certified response (*see* ECF No. 90-2 at 7–8; ECF No. 94 at 5) regarding produced documents and determined that Plaintiff's bare insufficiency arguments were unavailing. (ECF No. 106 at 4–5.) This Court is satisfied that Judge Allen properly considered whether Defendants' production was responsive and proportionate to the needs of the case and did not abuse her discretion in declining to compel supplemental production.

### C. Document Request No. 5

Plaintiff's argument on appeal, as to the production of photos and videos of the location where the encounter between Plaintiff and Defendants, remains unchanged from the original motion before Judge Allen and generally states that the confidentiality concerns are unwarranted. (ECF No. 114 at 8–9.) However, on appeal, Plaintiff provides this Court with list of movies, documentaries, and music videos, all filmed in East Jersey State Prison which cannot be considered by this Court because they were not before the magistrate judge. (*Id.* at 9, 11–14); *see Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992). Plaintiff argues that this case is distinguishable

from the cases relied upon by Judge Allen in the December 28, 2023 Order because Plaintiff is not currently confined in the correctional facility where the photos and videos are to be taken. (*Id.* at 8–9) Defendants maintain their argument that Judge Allen properly considered the photos and videos of the initial encounter confidential and stress that they have already produced responsive documents including photos of Plaintiff immediately following the incident. (ECF No. 114 at 4–5.)

This Court concludes Judge Allen did not abuse her discretion or her decision was contrary to law in denying Plaintiff's motion to compel production of videos and photographs within the correctional facility. Judge Allen carefully weighed the legitimate interest of the Defendants of safeguarding confidential information relating to correctional facility security and noted that the Defendants provided Plaintiff with all photographs taken directly after the confrontation. (ECF No. 106 at 5 (citing *Rosa-Diaz v. Harry*, Civ. A. No. 17-2215, WL 6322697, at *4 (M.D. Pa. Dec. 4, 2018)).)

### D. Document Request No. 6

Plaintiff argues on appeal that Defendants' production of three photographs of the Plaintiff following the incident were "intentionally of such poor quality that Plaintiff's injuries cannot be seen." (ECF No. 112 at 9, 15, 17–19.) However, Plaintiff does not suggest that there were any other photographs taken that day and Defendants maintain the position that they provided Plaintiff with all responsive photographs. Judge Allen ordered Defendants to "advise Plaintiff, in writing, if any further responsive documents have been located, and if they have, produce same." (ECF 106 at 6.) Defendants responded to Judge Allen's order confirming "any and all available photos and videos pertaining to this case have been provided." (ECF 114 at 5 (citing ECF No. 109).)

While Plaintiff generally objects to the photographs provided, this Court is satisfied that Judge Allen did not abuse her discretion in accepting Defendants' original production and giving them time to locate additional responsive materials if any.

9

These circumstances do not leave this Court "with the definite and firm conviction that a mistake has been committed." *Medeva Pharma Suisse A.G.*, 2011 WL 223600, at *2 (citing *U.S. Gypsum Co.*, 333 U.S. at 395). Accordingly, Plaintiff fails to show that Judge Allen's order was clearly erroneous, contrary to law, or an abuse of discretion, and the order denying Plaintiff's motion to compel supplemental discovery is **AFFIRMED**.

### IV. CONCLUSION

For the reasons stated above and for good cause having been shown, Plaintiff's appeal (ECF No. 112) is **DENIED** and Judge Allen's December 28, 2023 Order (ECF No. 106) is **AFFIRMED**.

Date: July 1, 2025

/s/ *Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE